UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CRADDOCK TRUST** | **CASE NO. 2:21-CV-00125** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL INSURANCE CO.** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Opt Out of Case Management Order [doc. 10] filed by defendant Liberty Personal Insurance Company and seeking an exemption from the undersigned's Case Management Order for Hurricane Laura and Hurricane Delta Claims [doc. 2]. Defendant argues that this case and twelve related ones are unsuited to the Case Management Order's discovery protocols and streamlined settlement process because of (1) questions about the relationships between Shane Heinen, who was in contact with the insurer on all of these cases, and the properties at issue; (2) a "nearly-identical pattern" involving Heinen, plaintiff's counsel, and public adjuster Mario Barrilleaux, with demands for policy limits and threats of bad faith penalties; and (3) the property's use as a rental at the time Hurricane Laura struck, presenting a need for defendant to discover whatever relevant information the property's former tenants may have about the damage sustained. Doc. 10, att. 1.

The court has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery" and "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *In re*

*Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). While recognizing similarities between this case and the twelve related ones, the undersigned does not find adequate support between the facts alleged and the defendant's desire to opt out of the Case Management Order. The Case Management Order sets forth initial disclosure protocols for discovery, but also provides:

> Nothing in this Order shall be construed to limit the information to be exchanged in any particular case, and counsel for each party is encouraged and expected to provide any information that would reasonably be helpful to their adversary in evaluating the case for mediation purposes. The parties are strongly urged to meet and confer in good faith on the exchange of information that they desire to use even when it is not required to be shared pursuant to this Order.

Doc. 2, p. 2. Additional information on the relationships described above and tenants' reports of the property can be obtained and presented within the Case Management Order's discovery and settlement processes. Defendant's belief that plaintiffs are acting in bad faith through these related cases may also be explored through discovery and mediation. The court reminds both parties of its expectation that they will cooperate fully during the process, including with any need for additional information or subsequent inspections. Accordingly, defendant fails to show justification for opting out of the Case Management Order and the Motion [doc. 10] is **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 24th day of March, 2021.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**